# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN LEROY MAINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-CV-633-GKF-FHM ) |
| CHAD MASTERSON, Ottawa County Commissioner; | ) ) |
| JOHN CLARKE, Ottawa County Commissioner; | ) ) |
| RUSSELL EARLS, Ottawa County Commissioner; | ) ) |
| LINDA KELLY, Ottawa County Commissioner; | ) ) |
| ETHEL, Ottawa County Commissioner; | ) |
| JEREMY FLOYD, Ottawa County Sheriff; | ) ) |
| DAN COOK, Ottawa County Jail; | ) |
| JESSE KREWSON, Ottawa County Jail; | ) |
| ETHEL, Ottawa County Jail; | ) |
| OTTAWA COUNTY BOARD OF COMMISSIONERS; | ) ) |
| OTTAWA COUNTY JAIL, | ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff, an inmate at the Ottawa County Jail, commenced this action on November 20, 2017, by filing a pro se complaint (Doc. 1) and a motion to proceed in forma pauperis (Doc. 2). By Order filed December 4, 2017 (Doc. 5), the Court authorized Plaintiff to proceed in forma pauperis, directed him to pay an initial partial payment, identified deficiencies in Plaintiff's complaint and service documents, and provided Plaintiff an opportunity to correct the deficiencies. Plaintiff paid the initial partial payment and an additional monthly payment as directed. *See* Docs. 13, 15. On December 14, 2017, Plaintiff filed

an amended complaint (Doc. 7) and new service documents. For the reasons discussed below, the Court finds that the amended complaint shall be dismissed for failure to state a claim upon which relief may be granted.

**A.  Amended complaint shall be dismissed**

    **1.  Screening/Dismissal standards**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b); *see also id.* § 1915(e)(2)(B). The court applies the same dismissal standard under the PLRA as it uses in reviewing a FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under this standard, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful in fact, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). But "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the complaint should be dismissed. *Id.* at 558.

Additionally, when a plaintiff appears pro se, the court must liberally construe the complaint. *Kay*, 500 F.3d at 1218. This means "that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, a pro se plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

2.  **Amended complaint fails to state a claim upon which relief may be granted**

Plaintiff brings this action under § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). In his amended complaint, Plaintiff purports to sue the Ottawa County Board of County Commissioners (Board); five individuals he identifies as Ottawa County Commissioners: Masterson, Clarke, Earls, Kelly and Ethel; the Ottawa County Jail (OCJ); Ottawa County Sheriff Jeremy Floyd; and three individuals he identifies as Ottawa County Jail officials: Cook, Krewson and Ethel. Doc. 7 at 1.[1] He describes this action as one challenging the living conditions in the OCJ and identifies the following "claims" and supporting facts:

>   Count I: I have to breath [sic] black mold spores that coming from the ceiling and air vents that have not been cleaned in looks like years.
>   I sleep directly under the air vent which blows on my face while lieing [sic] in bed and when sleeping I as Marvin Leroy Mains now have developed shortness of breathe [sic] and coughing up black stuff
>
>   Count II: When booked in I was issued a yoga matt 1/4 inch thick and had to sleep on the concrete floor for 2 and a half or 3 weeks

---

[1] Plaintiff names defendant "Ethel" twice, identifies her only by her first name, and identifies her as associated with both the Board and the OCJ. Doc. 1 at 1. As a result, it is unclear whether he is suing two different defendants named Ethel. For purposes of this opinion, the Court will treat "Ethel" as two separate defendants as listed in the amended complaint.

|  |  |
|---|---|
|  | Marvin L. Mains was issued a yoga matt and had to sleep on concrete floor without a boat or cot from Aug. 18, 2017 to Sep. 1, 2017 that's caused numbing in my arms and back pain. |
| Count III: | The building leaking when it rains and flooding the pod. It dripped on me the whole time I was on the floor.<br>While Marvin L. Mains was sleeping on the floor it leaked where I was sleeping and in my personal space in hard rains I had to move myself and my belongings to avoid getting myself and property wet. |
| Count IV: | Marvin L. Mains was issued one jumpsuite [sic] that was rippid [sic] up. Marvin L. Mains had no other change of clothes while laundry was being done.<br>Marvin L. Mains had to wrap a blanket around himself on laundry days because he was not issued a second suite [sic] of clothing for laundry days. |
| Count V: | Marvin L. Mains is not given any recreational time.<br>D pod is not given any recreational time at all because of cracked windows while the other pods have cracked windows but get their recreation yard. Therefor Marvin L. Mains is not getting fresh air or sun. |
| Count VI: | Insufficient Plumbing<br>Marvin L. Mains is supplied with one completely working sink with hot and cold water and one working shower that's cold 98% of the time therefore Marvin has to take cold showers and wait for the shower to be open since there is 44 other inmates in his pod. The smell of urine is constantly in the air the staff has been notified about this numerous times. |
| Count VII: | Eating Situations<br>While Marvin L. Mains was sleeping on the floor he also had to eat on his matt that was on the floor because there is not enough tables with seats to eat at the table. |

Doc. 7 at 2-5. Plaintiff appears to seek relief for "pain and suffering mental anguish, and the stress its caused" and states that he "now take[s] two different kinds of medication from this." *Id.* at 3.

Liberally construed, Plaintiff's amended complaint appears to assert one potential § 1983 claim: that the defendants, either individually or collectively, have violated the Eighth Amendment by failing to provide humane living conditions. Under the Eighth Amendment, jail

officials "must provide humane conditions of confinement," i.e., the officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care and must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). But the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)).

Accordingly, an inmate asserting a conditions-of-confinement claim must plausibly allege both (1) that the conditions are "'sufficiently serious' to implicate constitutional protection" and (2) that the prison official acted with "'deliberate indifference'" to the inmate's health or safety. *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834). To show deliberate indifference, the inmate must plausibly allege that the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," does not violate the Eighth Amendment. *Id.* at 838.

        a.        **Amended complaint alleges "sufficiently serious" living conditions**

Accepting Plaintiff's factual allegations as true, the amended complaint plausibly alleges some conditions at the Ottawa County Jail that may be "sufficiently serious" to implicate the

5

Eighth Amendment. For example, Plaintiff alleges he has been exposed to black mold in the jail and, as a result, has "developed shortness of breath[]" and is "coughing up black stuff." Doc. 7 at 2. Plaintiff also alleges he was forced to sleep on the concrete floor with only a thin "yoga matt" for support resulting in "numbing in [his] arms and back pain." *Id.* at 2-3. Additionally, he alleges he does not receive recreational time or "get[] fresh air or sun." *Id.* at 4. Finally, he alleges that because of overcrowding in the jail he is exposed to the constant smell of urine, forced to take cold showers, and forced to eat on the floor of his cell. *Id.* at 4-5. Taken together and accepted as true, these allegations plausibly support the objective component of Plaintiff's conditions-of-confinement claim. *See*, *e.g.*, *DeSpain*, 264 F.3d at 974-76 (discussing conditions of confinement sufficiently serious to implicate Eighth Amendment).

However, for the following reasons, the Court finds that Plaintiff's amended complaint fails to state a plausible § 1983 claim against any of the individual defendants or against Ottawa County.

### b. Claim against individual defendants shall be dismissed

Plaintiff names nine individual defendants: Masterson, Clarke, Earls, Kelly, Ethel, Floyd, Cook, Krewson and Ethel. Doc. 7 at 1. It is not clear from the amended complaint whether Plaintiff intends to sue each of these individuals in his or her individual capacity or official capacity. "Individual capacity 'suits seek to impose personal liability upon a government official for actions he [or she] takes under color of state law.'" *Brown v. Montoya*, 662 F.3d 1152, 1163 n.8 (10th Cir. 2011) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "In contrast, 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a

suit against the official's office.'" *Id.* (quoting *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989)).

To the extent Plaintiff intends to sue any of these defendants in their individual capacities, Plaintiff fails to allege how each defendant personally participated in maintaining or failing to remedy the allegedly unconstitutional conditions of confinement at the OCJ. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In describing the nature of his case, Plaintiff alleges that "County Commissioners and Jail Staff" are liable for "not fixing or doing anything to fix the problems." Doc. 7 at 2. In Count VI of his amended complaint, Plaintiff states, "the staff has been notified about" the constant smell of urine "numerous times." *Id.* at 4. Plaintiff's remaining allegations do not refer to any actions by or omissions of any particular defendant. *See id.* at 2-5. Even liberally construed, Plaintiff's amended complaint does not "identify *specific* actions taken by *particular* defendants" with respect to the allegedly unconstitutional conditions of confinement. *See Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)). In *Pahls*, the Tenth Circuit reiterated that a plaintiff's "undifferentiated contention that 'defendants' infringed his rights" is insufficient to state a § 1983 claim because "a plaintiff must show that each defendant acted with the requisite state of mind." *Id.* Without specific allegations regarding whether each individual defendant knows about the allegedly inhumane conditions at the OCJ, and has disregarded the risks to Plaintiff's health or safety caused by those conditions, Plaintiff's amended complaint fails to state a claim upon which relief may be grant as to any defendant in his or her individual capacity.

7

### c. Claim against Ottawa County shall be dismissed

To the extent Plaintiff intends to sue Ottawa County either by naming the Board as a defendant, *see* OKLA. STAT. tit. 19, § 4, or by suing one or more individual county officials in their official capacity, *see Graham*, 473 U.S. at 167, the amended complaint fails to state a claim upon which relief may be granted.[2]

Under § 1983, a county is a municipality and may not be held liable on a theory of respondeat superior. *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Thus, to establish municipal liability, a plaintiff must plausibly allege either "that the unconstitutional actions of an employee [1] were representative of an official policy or custom of the [county], or [2] were carried out by an official with final policy making authority with respect to the challenged action." *Id.* And to establish municipal liability under the policy or custom theory, a plaintiff must plausibly allege (1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the injury alleged. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see also Bd. of Cty.*

---

[2]  Plaintiff also sues the Ottawa County Jail. Doc. 7 at 1. Because the OCJ lacks a legal identity apart from Ottawa County, the OCJ is not a suable entity and shall be dismissed from this action. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished) (noting that dismissal of jail as a defendant was "required because a detention facility is not a person or legally created entity capable of being sued"); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (noting that "[t]he 'City of Denver Police Department' is not a separate suable entity" and dismissing the complaint as to department), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986).

*Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997) (explaining that plaintiff must do more than simply "identify conduct properly attributable to the municipality," rather, "plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged").

Here, Plaintiff's amended complaint generally alleges that the "County Commissioners and Jail Staff" have failed to fix the allegedly unconstitutional conditions at the OCJ. Doc. 7 at 2. Even accepting this general allegation as true, it does not plausibly support, or even permit a reasonable inference, that the County has a policy or custom of failing to fix allegedly unconstitutional conditions at the OCJ, or that the actions (or inactions) of any county employees are representative of any such policy or custom. As a result, the amended complaint fails to state a plausible claim against the County under a municipal-liability theory. Therefore, to the extent Plaintiff intends to sue Ottawa County, the amended complaint fails to state a claim upon which relief may be granted and shall be dismissed.

**B.      First "prior occasion" under 28 U.S.C. § 1915(g)**

The Court granted Plaintiff leave to proceed in forma pauperis. In addition, the Court has concluded that Plaintiff's amended complaint fails to state a claim upon which relief may be granted and should therefore be dismissed without prejudice. *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendant Ottawa County Jail is **dismissed** from this action.

2. Plaintiff's amended complaint (Doc. 7) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted as to the remaining defendants. *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to flag this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate Judgment shall be entered in this matter.

**DATED** this 1st day of March, 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT